IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

JESUS BARRERA - AVILA,
     Plaintiff,

Case: 1:15-cv-01715  Jury Demand
Assigned To : Sullivan, Emmet G.
Assign. Date : 10/16/2015
Description: Pro Se Gen. Civil  (F Deck)

vs.

HARRELL WATTS, NATIONAL INMATE APPEALS COORDINATOR,
General Counsel; RAYMOND E. HOLT, REGIONAL APPEALS
COORDINATOR, Regional Counsel; JOHN V. FLOURNOY, Warden;
KEN HARRIS JR., Chaplain Supervisor; and SAM KIRCHOFF,
Chaplain. Defendants in the OFFICIAL and INDIVIDUAL Capacities.

                                                          /

## COMPLAINT BY A FEDERAL PRISONER UNDER THE CIVIL RIGHTS ACT, 28 U.S.C. §§ 1331, 1346; AND THE WESTFALL ACT (FTCA) §§2679(b)(1).

This complaint is brought by Plaintiff, Jesus Barrera - Avila, a federal prisoner, is brought against the Defendant's herein, for their violations of Plaintiff Barrera - Avila's clearly established constitutional rights to practice his sincerely held religious beliefs as he deems fit, and as grounds would state the following:

### JURISDICTION

Jurisdiction is invoked pursuant to the **Equal Protection Clause of the United States Constitution**; the **Religious Freedom Reformation Act, 42 U.S.C.§ 2000bb, et. seq. (RFRA)**; the **First Amendment, free exercise of religion clause**; Title 28 U.S.C.§ 1331, 1346; and the **Westfall Act (FTCA) §§ 2679(b)(1)**, and all other acts, statutes, and constitutional clauses that may be applicable to have this federal question heard.

### PARTIES

#### A. PLAINTIFF

1. Jesus Barrera - Avila # 86611-004
   Federal Correctional Institution Jesup,
   2680 U.S. Hwy. 301 South,
   Jesup, Ga 31599.



RECEIVED
Mail Room

AUG - 6 2015

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

1

B. <u>DEFENDANTS</u>

1. Harrell Watts, General Counsel
   National Inmate Appeals
   Federal Bureau of Prisons
   320 First Street, N.W.
   Washington, DC 20534.

2. Raymond E. Holt, Rlgional Counsel
   SE Regional Appeals Coordinator
   Federal Bureau of Prisons
   3800 Camp Creek Parkway, S.W.
   Building 2000
   Atlanta , GA 30331-6226.

3. John V. Flournoy, Warden
   Federal Correctional Institution Jesup
   2600 U.S. Hwy. 301 South,
   Jesup, Ga 31599.

4. Ken Harris Jr., Chaplain Supervisor,
   Federal Correctional Institution Jesup
   2600 U.S. Hwy. 301 South,
   Jesup, Ga 31599.

5. Sam Kirchoff, Chaplain
   Federal Correctional Institution Jesup
   2600 U.S. Hwy. 301 South,
   Jesup, Ga 31599.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff, Jesus Barrera – Avila has exhausted all stages of the administrative remedy system within the Federal Bureau of Prisons, as set forth at **Title 28 U.S.C.§ 542 Code of Federal Regulations (CFR),** in furtherance of his claim for relief, through the office of the National, Regional, Wardens, and Informal Resolution Administrative remedies.

### OTHER ACTIONS PENDING

Plaintiff, Jesus Barrera – Avila, has never brought forth any of the facts as set forth below, to any court alleging the facts of this matter.

### STATEMENT OF THE CASE AND FACTS

1. Plaintiff, Jesus Barrera – Avila, is currently serving a **190 months** sentence for Conspiracy to Possess with Intent to Distribute Controlled Substances, **21 U.S.C.§ 846**; Conspiracy to Interference W/ Commerce, **18 U.S.C.§ 1951**; and Possession of a Firearm, **18 u.S.C.§ 924(c)**. He is scheduled for release August 2023.

2. Plaintiff, Jesus Barrera – Avila, a federal prisoner, currently incarcerated at Federal Correctional Institution Jesup, is a **"Santeria Practitioner"** inmate, who, when practicing his sincerely held religious belief, was required to violate such beliefs by the Defendant, Chaplain Supervisor, Ken Harris Jr., and enforced by Defendant, Chaplain Sam Kirchoff, when Defendant, Chaplain Supervisor, Ken Harris Jr., **"implemented"** a policy **"prohibiting"** the practice of the weekly **"Spiritual Mass"** ceremony, solely on the basis of his discretion. Defendant, Chaplain Supervisor, Ken Harris Jr., prohibition policy was enforced by Defendant, Chaplain Sam Kirchoff, upheld by Defendant, Warden John V. Flournly; Defendant, Regional Counsel, Raymond E. Holt; and General Counsel, Harrell Watts, and caused Plaintiff's clearly known established rights to be violated since November 17, 2014, and Ongoing.

3. On December 12, 2014, the Plaintiff, Jesus Barrera – Avila, filed an Informal Resolution, with Defendant, Chaplain Supervisor, Ken Harris Jr., objecting to the Defendant's **'implemented policy'** of restricting the manner in which the weekly ceremonies were to be held. In addition, the Plaintiff complained regarding the issue of sharing a cigar with another inmate as a health risk. See: **(Exhibit "A).**

4. On December 17, 2014, after the 4:00 p.m. count, the Plaintiff was called to the Chapel by Defendant, Chaplain Supervisor, Ken Harris Jr., who verbally responded to Plaintiff's Informal Resolution, telling Plaintiff Barrera - Avila, that the **"health risk issue"** had been resolved as he ordered filters to be used individually, and that at the previous institution that he worked at, that the only **"Ceremony"** he allowed the Santeria Practitioners to hold in prison was using One (1) cigar. However, that he was being accommodating as he was issuing Two (2) cigars. However, Defendant, Chaplain Supervisor, Ken Harris Jr., did not say what ceremony he allowed the Santeria Practitioners to have One (1) cigar, moreover, Defendant, Chaplain Supervisor, Ken Harris Jr., is not an **"initiate"** of the Santeria religion to be deciding what ceremonial practices and how, are to be practiced in prison by Santeria Practitioners. See: **(Exhibit "B")**.

5. On December 28, 2014, Plaintiff, Barrera - Avila, filed an Administrative Remedy BP-9, remedy no.: **812279-F1**, to Defendant, Warden John V. Flournoy, appealing the implemented policy by Defendant, Chaplain Supervisor, Ken Harris Jr., of **"prohibitng"** the weekly **"Spiritual Mass"** ceremony, because the decision was not based on Program Statement. It was used to **"target"** and **"Suppress"** Plaintiff's free exercise of religion, in violation of the First Amendment; the **RFRA**; and the **Equal Protection Clause**. See: **(Exhibit "B")**.

6. On March 18, 2015, the Plaintiff received the response from Defendant, Warden John V. Flournoy, was implementing the Policy that Defendant, Chaplain Supervisor, Ken Harris Jr., had implemented. See: **(Exhibit "C")**.

7. On April 2, 2015, the Plaintiff filed an Administrative Remedy, BP-10, remedy no.: **812279-R1**, appealing the decision of the Defendant, Warden, John V. Flournoy, in which he claimed that his faith was being **"Substantially Burdened"** by the implemented policy. See: **(Exhibit "D")**.

8. On May 1, 2015, the Plaintiff, Barrera - Avila received a response from the Defendant, Regional Counsel, Raymond E. Holt, in which the response was that the Plaintiff did not present sufficient evidence to support a substantial burden of his religious beliefs, thus, the response was for informational purposes only, a strategy used to avoid liability. See: **(Exhibit "E")**.

9. On May 19, 2015, the Plaintiff filed an Administrative Remedy BP-11, remedy

no.: **812279-A1,** in which the Plaintiff appealed the decision from the Warden and the Regional Director, claiming that the Defendants are in violation of the **Equal Protection Clause** because of the lack of **"Standarized Practice"** for the Santeria Practitioners in prison. See: **(Exhibit "F").**

10. On June 24, 2015, the Plaintiff received an acknowledgement receipt from the Defendant, Harrell Watts, General Counsel, in which the response was due on July 7, 2015. See: **(Exhibit "G").**

11. As of the filing of this complaint, the Plaintiff has not received a response from the Defendant, Harrell Watts, General Counsel to his administrative remedy BP-11. This timely complaint follows.

<u>COUNT ONE</u>

THE DEFENDANT'S HEREIN, CAUSED AND CONTINUE TO CAUSE ONGOING, THE DEPRIVATION OF PLAINTIFF BARRERA – AVILA TO PRACTICE HIS SINCERELY HELD RELIGIOUS BELIEFS, BY KNOWINGLY, CAPRICIOUSLY, ARBITRARILY, AND DELIBERATELY, FAILING TO IMPLEMENT A RECOGNIZED "STANDARIZED PRACTICE" TO BE HELD AT THE BUREAU OF PRISONS, WHICH WOULD ACCOMMODATE SANTERIA PRACTITIONERS. YET, FOR WELL OVER 30 YEARS, ALL OTHER RELIGIOUS FAITH IN PRISON HAVE A "STANDARIZED PRACTICE" AVAILABLE TO THEM IN WHICH THEY ARE ALL EQUALLY ACCOMMODATED, IN VIOLATION OF PLAINTIFF BARRERA – AVILA'S EQUAL PROTECTION RIGHTS GUARANTEED BY THE UNITED STATES CONSTITUTION; THE RELIGIOUS FREEDOM REFORMATION ACT, 42 U.S.C.§ 2000bb et. seq. (RFRA); THE FIRST AMENDMENT FREE EXERCISE OF RELIGION CLAUSE; TITLE 28 U.S.C.§ 1331, 1346, AND THE WESTFALL ACT (FTCA) §2679(b)(1).

The Plaintiff incorporates by reference and re-alleges the statement of the case and facts 1-11. In addition, the Plaintiff includes the following facts. Currently at the Bureau of Prisons, Catholics; Jewish; Christians; Muslims; Native American Indians and Jehove Witnesses, have a **"standarized practice"** for which every Federal inmate can participate in without having his religious beliefs **"Substantially Burdened"** by the Bureau of Prison Officials. This practice allows the Federal Inmate to continue in his pursuit of his faith. The reason why the other religions are accommodated with a **"Standarized Practice"** is because they it is sound professional judgment of the Bureau of Prisons to standarize the religious practices of the inmate as they can properly manage their budgets and schedules for the religious activities within the Bureau of Prisons. However so, when it comes to the **"Santeria**

Practitioners", the Bureau of Prisons refuses to "Standarize" the practice. The Bureau has been placed on "Notice" that the lack of "Standarize Practice" is a "Substantial Burden" for the "Santeria Practitioners" such as Plaintiff Barrera - Avila. However, it is easier for the Bureau to keep the practice restricted and limited because it minimizes the practiceof a Santeria Practitioner in prison. In addition, it allows the Defendant's to harass, threaten and dictate how the practice is to be held at their own discretion without consulting any "Santeria Experts".

That on March 2015, while at a meeting held by Defendant, Chaplain Supervisor, Ken Harris Jr., and other Santeria practitioner inmates, it was the Defendant's response to Plaintiff and everyone else present that he could not provide the individual cigars and that if the case would go to court, all that needed to be told to the Court is that there is a "Security" and "Safety" issue as to why the requested relief is being denied. That there is no need to specify what "Security" and "Safety" issues are involved because the "BOP" always gets what they want. And, that to keep in mind that: "THERE IS A NEW SHERIFF IN TOWN, AND HIS NAME IS CHAPLAIN KEN HARRIS JR.".

Most recently on June 29, 2015, a "Ceremonial Meal" scheduled to be held at the FCI-Jesup, for the Santeria Practitioners, resulted in an outright "ABUSE OF POWERS" from the Defendants, Chaplain Sam Kirchoff and Chaplain Supervisor, Ken Harris Jr. The practice of the ceremonial meal even though there is no animal sacrifices, the belief of the Plaintiff as well as all other Santeria Practitioners is that a celebration in honor of a certain Orisha (In this case the Orisha 'Oggun'), was taking place on June 29, 2015. The Plaintiff requested to the Food service director (through their representative), that he needed to "Moyugbar" (Pray) and throw "Obi" (Coconut divination) in order to consult the Orisha Oggun with the items that were going to be prepared, prior to the items being prepared so that it would ensure the Orisha's blessings over all the observants. However, this was not allowed. The Defendant, Chaplain Supervisor, Ken Harris Jr., was approached about the incident. Thus, letting him now that it was a violation of the religion to not pray upon the items being prepared prior to it being prepared, as the Santeria religion is not a Christian religion. The Defendant, Chaplain Supervisor and Defendant, Chaplain Sam Kirchoff, became irrated at the explanation given by the "Santeria Representative" Mr. Anthony Davila, and they lashed out to the entire group , more specifically, the Plaintiff Barrera - Avila, who when he tried to express his sincere belief to Defendant, Chaplain Sam Kirchoff, that the "Moyugba" was necessary prior to preparing the meal, and Defendant, Chaplain Sam Kirchoff told the Plaintiff: "YOU SHUT UP", that because

Mr. Davila did not want to participate in the religious ceremony, that anybody else who would want to participate in the ceremony would be able to pray and have their ceremonial meal. Nobody in the group was in agreeance with Defendant, Chaplain Sam Kirchoff, thus, he went towards Defendant, Chaplain Supervisor, Ken Harris Jr., to let him know that:" **NOBODY WANTS TO PARTICIPATE**". In turn, Defendant, Chaplain Supervisor, Ken Harris Jr., started to sceam like a **"mad man"** to everyone present that if the meal was not eaten that he would promise (**"I PROMISE YOU ALL, I PROMISE YOU ALL"**),that you will not get another meal while he was in charge. In addition, Chaplain Supervisor, Ken Harris Jr. stated that the Santeria Practitioners were **"high maintenance"**. Defendant, Chaplain Sam Kirchoff specifically stated that he had: **"A Special Housing Unit"** for inmates like Plaintiff. All because the Defendant's were told that the meal could not be considered a Ceremonial Meal. The comments by these two Defendant's escalated to the point on insinuating that the Santeria Practitioners in prison, were nothing more than a **"Gang"**.

Prior to the Defendant, Chaplain Supervisor, Ken Harris Jr. implementing his own ceremonial practices for the Santeria Practitioners in prison in November 17, 2014, there was an **"Ongoing Standardized Practice"** in which it held a **"Weekly Spiritual Mass"** for the Santeria Practitioners at FCI- Jesup. This **"Standardized Spiritual Mass"** ceremony was approved by the then Chaplain Supervisor, Dr. Bruce Cox.

The **"Standardized Spiritual Mass"** ceremony was implemented at FCI-Jesup, prior to Defendant, Chaplain Ken Harris Jr. arriving at FCI-Jesup. It was implemented in an effort to promote a much needed <u>uniformity</u> in the complex and unorthodox ceremonial practices for Santeria adherents within the Bureau of Prsions. It was implemented at FCI - Jesup with a vision that the Bureau of Prisons nationwide would consider implementing a **"Standardized Practice"** that would benefit not only the Santeria Practitioners, but also the Bureau of Prisons as well. The **"Standardized Practice"** allowed the Bureau of Prisons to be able to narrow down an **"appropriate budget"** that **"would accommodate"** the inmates needs, such as Plaintiffs, as well as the Bureau of Prisons Administrations. The reason being was that there is four (4) essential branches that are all components of what non-believers consider the Santeria Religion. **1. Spiritualism; 2. Palo Mayombe; 3. Santeria; and 4. Ifa.**

An accepted common practice among the four (4) branches of the Santeria religion is the **1. Spiritualism.** This particular gathering allows for all members of any branch to participate in a group setting called a **"Spiritual Mass"** (Seance), without it

violating any of the individual branches rigorous standards of **"Initiation"**. (It would be like a Catholic Priest performing certain ceremonies that he is not qualified to perfrom).

The **"Spiritual Mass"** / **"Misas Espirituales"** is where there is a **"Spiritual Vault/ Altar/ Shrine"** for the ancestors spirits, where it gives light and refreshment to the ancestors and spiritual guides. The table must have seven (7) glasses of water, six of the same size, and the middle glass is taller. A Crucifix that goes in the middle glass. A whit table cloth. Different Catholic/ Orishas Saints Statutes in representation of the **"Syncretization"** the ancestors made when they were slaves in Cuba, for which they were forbidden to worship their own Orisha faith. However, the Ancestors believed that the Catholic Saints were their conduit to keep alive their own Orisha practices. It is in honor to those ancestors that the Statutes are placed on the table. The prayer book used for worship is a widely recognized prayer book called: **"Selective Prayers/ Oraciones Escogidas"**. In addition, there is the use of incense; candles; charcol; Sensors; Alcanfor; Cascarilla; Cocoa Butter; Honey; Holy Water; Flowers; Palm Oil; Toasted Corn; Smoked Fish; Jutia; Kolonia/Florida Water; Coconut; Anil; Myrra; Food Offerings; such as fruits, etc., and Tobacco, the issue at stake here in this controversy.

The previously implemented policy **"Spiritual Mass/ Misas Espirituales"** allowed for each approved Santeria Practitioner, (After the inmate would undergo a **"Sincerity Period"** of 90 days consistent participation) to receive a half – cut – cigar, so that the practitioner could properly invoke their own spiritual protectors and to be spiritually cleansed. This implemented practice was costing the Bureau of Prisons approximately $4.00 dollars per week on the cigars. The policy was running without any **"Security"** or **"Safety"** issues whatsoever, which is the **"Crux"** of this controversy. It is a bonafide recognized ceremony practice by the Santeria Religion, that allows all branches of the Santeria Religion outside of the prison walls as well as inside, to participate in a group setting without a practitioner violating any of the individual branches restrictions or initiations taboos, and most importantly, it is the only ceremony that does not **"Substantially Burdens"** the Santeria Practitioners such as the Plaintiff, rights as in a group setting, because it can be performed without having to perform **"ANIMAL SACRIFICES"** a prohibited practice in prison.

However, on November 17, 2104, Defendant, Chaplain Supervisor,Ken Harris Jr., took over the Chaplain Department at FCI – Jesup, and **"terminated"** the practice of the

**"Spiritual Mass"**, by implementing his own cermonial practice for the Santeria Participants, **"You only get two (2) cigars"**. This policy was implemented by Defendant, Chaplain Supervisor, Ken Harris Jr., enforced by Defendant, Sam Kirchoff, upheld by the Defendant,Warden John V. Flournoy, Defendant Regional Counsel, Raymond E. Holt, and Defendant, General Counsel, Harrell Watts, without any consideration to Plaintiff sincerely believed ceremonial ritual practices taboos.

Since the opposition from the Santeria practitioners to not give into the Defendant's unrealistic policy that is **Blasphemious"** in nature for a Santeria Practitioner, the Defendant, Chaplain Supervisor, Ken Harris Jr., has set out to **"target", "restrict" and "Substantially Burden"** the Plaintiff's as well as all other Santeria practitioners rights at FCI - Jesup. The first action that the Defendant's have taken s to **"Forbid"** the worship of **"Santeria Ceremonies"** inside the Chapel, by designating the Outside Worship Area with the Native American Indians, etc. This has placed a **"Substantial Burden"** to the Plaintiff as with the heat index rising, there is no opportunity to have a ceremony outside for the Santeria Practitioners, yet, the Christian, Jewish, Muslims, Jehova Witnesses, Catholics; Rastaferians have an opportunity to use the Chapel for their services. The Defendant, Chaplain Supervisor, Ken Harris Jr., and Defendant, Sam Kirchoff, are stating that since there is food offerings, the chapel cannot be used for the Santeria Worship. However, the Jewish group, is allowed to have there bread, (Halla Bread and Matzo, including a beverage). How this is not considered food is unknow to the Plaintiff. In addition, it has been well over a year that **"no supplies"** have been provided for the Santeria Practioners group, yet, all other religious faiths have had their **"Supplies"** timely ordered; the **"BP-331** form Authorization to Receive Package that was being used to obtain the **"Santeria Sacred Items"** that cannot be purchased by catalogue, has been restricted by the Defendant, Chaplain Supervisor, Ken Harris Jr., Defendant, Sam Kirchoff, and enforced by Defendant, Warden John V. Flournoy, and Defendant, Regional Counsel, Raymond E. Holt, that the form that is widely used in the **"BOP"** that does not require a background check of the sender, if you are a Santeria Practitioner requesting the **"Santeria Sacred Itmes"**, you would have to identify the Sender and the Sender must complete a background criminal check prior to being authorized to obtain a from -331, **when no other requirement is necessary for anybody else using the Form. The only requirement is to request the form; fill out the Senders information, and turn it over for the department aproval without any criminal background check whatsoever.**

Program Statement 5360.09 <u>Religious Beliefs and Practices</u> (1) [<u>Purpose and Scope</u> <u>§548.10(a)</u> provides: "The Bureau of Prisons provides inmates of all faith group with

reasonable and <u>EQUITABLE</u> opportunities to pursue religious beliefs and practices within the constraints of budgetary limitations and consistent with the security and orderly running of the instruction and the Bureau of Prisons"].

When the Bureau of Prisons provides a **"Standarized Practices"** for the Christian faith; the Native American faith; the Jewish faith; the Muslim faith; the Catholic faith; the Jehova Witnesses faith, and they fail to provide a **"recognized bonafide Standarized Practice"** for the **"Santeria Practitioners"** such as Plaintiff, they have palpably discriminated against the Plaintiff, in violation of the **Equal Protection Clause of the United States Constitution; the Religious Freedom Reformation Act, 42 U.S.C.§ 2000bb et. al (RFRA); and the First Amendment Free Exercise of Religion Clasuse,** and they are liable for Compensatory and Punitive damages.

## REQUESTED RELIEF

Premised upon the above complaint, Plaintiff, Jesus Barrera – Avila, has been **"Discriminated"** against by the Defendant's collectively herein, for their failure to provide a **"Standarized Practice"** for the Santeria Practitioners such as the Plaintiff who are in federal prison, when **"reasonable opportunities"** must be provided allowing <u>ALL FAITHS EQUALLY</u> to pursue their religious faith. And, in doing so, they do not rely on any **Program Statement, codified as the Code of Federal Regulations.** Providing two (2) cigars, One (1) for the Orishas and One (1) for the Practitioners without any recognized bonafide ceremony does not promotⅼ̲e a **"Compelling Governmental Interest"**, on the contrary, it **"Substantially Burdens"** Plaintiff's rights, and the Plaintiff respectfully asks that this Honorable Court may:

1. **Have the Defendant's served a copy of the complaint and order that the Defendant's answer to the allegations in this complaint;**

2. **Set this case for a Trial by Jury;**

3. **That Plaintiff be awarded Compensatory damages in the amount to $320.00 per day, per each Defendant, until the complete settlement of the case, in their Official Capacities, and Individual Capacity;**

4. **That for the Defendant's deliberate indifference, Callous disregard; and Bad Faith; Plaintiff be awarded Punitive damages in the amount of $320.00 dollars per day, per each defendant, since the beginning of the violation until the settlement of the case , in their Individual Capacity;**

5. **That no <u>"RETALIATION OR REPRISALS BE TAKEN AGAINST THE PLAINTIFF FOR THE EXERCISING OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS, INCLUDING AND NOT LIMITED TO</u>**

(TRANSFERRING PLAINTIFF, DIESEL THERAPY TREATMENT, PLACING PLAINTIFF IN CONFINEMENT, WITHOLDING HIS LETTERS, OPENNING HIS LEGAL MAIL OUT OF HIS PRESENCE, ETC.);

6. That any repsonse that the Defendant's may want to convey to the Plaintiff relating to this case, may be done in writting, by certified mail, point by point in Affidavit form, signed by the Defendant, or His Agents, under the penalty of perjury;

7. That declatory rleif be entered against the Defendant's for their unconstitutional conduct against Plaintiff;

8. That Plaintiff be awarded court costs, and nominal damages award;

9. Any other relief this Court may deem just, proper and fair.

## UNNOTARIZED OATH

I, **JESUS BARRERA - AVILA,** declare under the penalty of perjury, pursuant to **Title 28 U.S.C.§ 1746 and the laws of the United States,** that the foregoing is true, correct, and complete to the best of my knowledge and belief. **SO HELP ME GOD!**

**EXECUTED** this _29_ day of _July_ , 2015.

                                        Jesus Barrera - Avila, Pro se
                                        Reg. No.: 86611-004
                                        FCI - Jesup
                                        2680 U.S.Hwy. 301 South,
                                        Jesup, Ga 31599.

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that: I have mailed to: **THE HONORABLE ANGELA D. CAESAR, E. BARRETT PRETTYMAN CTHSE., 333 CONSTITUTION AVE., N.W. WASHINGTON, DC, 20001-2802 CLERK     OF THE UNITED STATES DISTRICT COURT,** One (1) Original Copy and Five (5) copies for the Defendants to be served upon by the order of the Court, on this _30_ day of _July_ , 2015.

                                        Respectfully Submitted,

                                        Jesu Barrera - Avila, Pro se,
                                        Reg. No.: 86611-004
                                        FCI - Jesup
                                        2680 U.S. Hwy. 301 South,
                                        Jesup, Ga 31599.

EXHIBIT

A

EXHIBIT

A

EXHIBIT

A

EXHIBIT

A

Received
17 Dec 14

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) | DATE: |
| Barrera Jesus Avila | 12-12-214 |
| FROM: | REGISTER NO.: 86611-004 |
| WORK ASSIGNMENT:   N/A | UNIT:   C-2 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.  Continue
on back, if necessary.  Your failure to be specific may result in no action being taken.
If necessary, you will be interviewed in order to successfully respond to your request.)

ON 11-16-14 Chaplain K.Harris J.R implemented a Policy in
which I as a Santeria Practitioner must object to. the Policy
involves Providing two (2) cigars for the group. one cigar for the
Orishas and another cigar for the Participants. this Policy is a
health risk as I an being forced to share a cigar with another
member who may have a health disease. second, it is my religious
belief that I use cigar to invoke my spiritual protectore, and
to also spiritually cleanse me, this Policy imposes a "substantal
burdem" on my religion rights, tittle 42 U.SC. 2000b.b et, Seq.
reliff sought to re-instate the Previous Policy Provided here
at F.CI. Jesup.)

(Do not write below this line)

DISPOSITION:

Inmate Avila:

Please come see me soonest.

Signature Staff Member  Chaplain Kea H          Date  17 Dec  14

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)          This form replaces BP-148.070 dated Oct
                                              and BP-S148.070 APR 94

EXHIBIT

B

EXHIBIT

B

EXHIBIT

B

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

_Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse._

| From: | BARRERA –AVILA JESUS | 86611–004 | C–B | FCI – JESUP |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST** ON DECEMBER 17, 2014, CHAPLAIN K. HARRIS JR, CALLED ME TO HIS OFFICE TO RESPOND TO MY INFORMAL GRIEVANCE ORALLY. HIS RESPONSE THAT HE WAS IMPLEMENTING A POLICY TO PROVIDE TWO CIGARS FOR THE SANTERIA GROUP WAS HIS FINAL DECISION. I AM APPEALING THIS DECISION AS CHAPLAIN K. HARRIS JR,, DOES NOT BASE HIS DECISION ON  PROGRAM STATEMENT. IN ADDITION, HE DOES NOT PROVIDE ME WITH THE 'CEREMONY RITUAL' THAT HE IS BASING HIS DECISION ON. THUS, THE IMPLEMENTED POLICY IS TO "TARGET" AND "SUPPRESS" MY FREE EXERCISE OF RELIGION, IN VIOLATION OF THE FIRST AMENDMENT; THE RELIGIOUS FREEDOM RESTORATION ACT; AND THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION. THE SUPREME COURT HELD IN: CRUZ V. BETO, 405 U.S 319 (1972) THAT : "TEXAS PRISON OFFICALS HAD DISCRIMINATED AGAINST A PRISONER BY DENYING HIM A 'REASONABLE OPPORTUNITY' TO PURSUE HIS BUDDIST FAITH COMPARABLE TO THAT OFFERED OTHER PRISONERS ADHERING TO CONVENTIONAL RELIGIOUS PERCEPTS."
RELIEF SOUGHT: RE-INSTATE THE PROVISION  OF CUT—IN HALF CIGARS FOR EACH INDIVIDUAL REGISTERED PARTICIPANT TO INVOKE OUR SPIRITUAL ANCESTORS AND TO SPIRITUALLY CLEANSE OURSELVES; THAT NO RETALIATION, REPRISALS BE TAKEN AGAINST ME FOR EXERCISING MY CONSTITUTIONAL RIGHTS; THAT I MAY BE ALLOWED TO CONTINUE THE 'BONAFIDE' WEEKLY CEREMONIAL 'SPIRITUAL MASS' HERE AT FCI– ESUP.

| 12-28-14 | _Barrio Jesus_ |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B- RESPONSE**




| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

_If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response._

ORIGINAL: RETURN TO INMATE                                          CASE NUMBER: _____

                                                                   CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
                 LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____          ✪          _____
        DATE                                   RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP–229(13)
APRIL 1982

RECEIPT - ADMINISTRATIVE REMEDY

DATE: MARCH 2, 2015

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      JESUP FCI

TO  : JESUS BARRERA-AVILA, 86611-004
      JESUP FCI     UNT: C     QTR: C05-518L

THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID     : 812279-F1
DATE RECEIVED : MARCH 2, 2015
RESPONSE DUE  : MARCH 22, 2015
SUBJECT 1     : RELIGIOUS PROGRAMS - (EXCEPT FOOD/DIETS/MEALS), ACCESS TO
SUBJECT 2     :

E
X
H
I
B
I
T

C

E
X
H
I
B
I
T

C

E
X
H
I
B
I
T

C

7014 2120 0000 5908 3688

## ADMINISTRATIVE REMEDY RESPONSE

**INMATE: BARRERA-AVILA, Jesus**          **REMEDY NO: 812279-F1**
**REG. NO.: 86611-004**          **RECEIVED: MARCH 2, 2015**

This is in response to your Request for Administrative Remedy, in which you allege your religious rights were violated.  Specifically, you claim that the response you received to your cop-out was not based on authorized policy.

An investigation into this matter was conducted, and although all religions are viewed as being equal, not all expressions of those religious tenets are necessarily permissible in BOP institutions.  The investigation revealed Religious Services' decision to issue two cigars instead of 8 cut in half cigars, is pursuant to Program Statement 5360.09, titled Religious Beliefs and Practices, which states:  "The Warden may periodically review religious practices to determine whether a religious practice remains within the scope of best correctional practice and religious accommodation.  If upon review, the Warden determines that a religious practice jeopardizes institution safety, security and good order, the practice may be temporarily restricted."  The investigation, in this case, revealed that the current practice sufficiently meets the needs of the community.

On January 16, 2015, the Religious Services Department at FCI Jesup, permanently addressed the Spiritual Mass Ceremony in order to ensure participants would be able to utilize two cigars for both cleansing and invoking their spiritual protector by way of purchasing cigar filters for the cigars used in the Spiritual Mass Ceremonies.  This newly implemented process allows the worshipper – who receives a filter prior to their Spiritual Mass - to return the distributed filter to Religious Services to be hot-trashed after the ceremony.  In addition, this process has been implemented, as a least restrictive alternative, to ensure the health and welfare of our entire Santeria Faith Community during worship, while simultaneously reflecting and perpetuating good and sound judgment in our correctional environment.

Accordingly, this response is for informational purposes only.  If you are dissatisfied with this response, you may appeal by filing a BP-10 to the BUREAU OF PRISONS, SOUTHEAST REGIONAL OFFICE, ATTN: REGIONAL DIRECTOR, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, GA 30331-6226, within 20 calendar days from the date of this response.

_____          3/18/15
J. V. Flournoy, Warden          Date

EXHIBIT

D

EXHIBIT

D

EXHIBIT

D

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: **Barrera - Avila    Jesus**          **86611-004**          **C-B**          **FCI - Jesup**
    LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

Part A - REASON FOR APPEAL  This is my appeal from the denial of my BP-9, for the violation of my religious rights. The response from the Warden is clearly erroneous. The response that two cigars to share with filters is enough to satisfy the "least restrictive means" is based on "cost". The response does not take into account that it is a "substantial burden" to my religious beliefs. I use a cigar for invoking my spiritual protectors and to cleanse myself. I was agreeing to half cut cigar, because of the limited time of the spiritual mass is held for. But, I cannot invoke my spirits and cleanse myself with a cigar that has to be shared. The whole point of the cigar is to be able to invoke and cleanse. In addition, the "spiritual mass" is the least restrictive means because it allows all the branches of the Religion in Santeria to participate as a group, without disrespecting the prohibitions of each branch in the Santeria religion. Noticeably, the Warden has not consulted with an expert of the Santeria religion to determine that two cigars is "suffice for the practitioners , when in fact, two cigars is a "substantial burden" to my religious beliefs, as it breaks the "spiritual connection" once I pass the cigar to someone else. (i.e. it would be like allowing the Native American's to sweat and to limit them to two "Grandfathers" per sweat ceremony".) See: Hobby Lobby, 573 U.S. at ____, 134 S.CT. at 2779 (emphasis added) (quoting Thomas v. Review Bd. of Ind. Emp. & Sec. Div, 450 U.S. 707, 716, 101 S.CT. 1425, 1431 (1981)) ("it is not to say that [a plaintiff] religious beliefs are mistaken or insubstantial. Instead, our narrow

4-2-15          (CONTINUED)          _Barrera Jesus_
    DATE                                    SIGNATURE OF REQUESTER

Part B - RESPONSE




_____          _____
    DATE                                    REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.
ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Part C - RECEIPT                              CASE NUMBER: _____

Return to: _____
    LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION
SUBJECT: _____

_____          _____
    DATE                                    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)

(CONTINUED)

function... in this context is to determine 'whether the line drawn [between conduct that is and is not permitted under one's religion] reflects an honest conviction"). The question of whether a religious exercise is substantially burdened is clear. In order to constitute a 'substantial burden' on religious practice, the government's actions must be more than ... incidental and must place more than an inconvenience on a religious exercise. That is to constitute a substantial burden, the government's action must significantly hamper one's religious practice. Smith v Allen 502 F.3d 1255, 1277 (11th cir. 2007)(citation omitted) (quoting Midrash Sephardi, Inc. v Town of Surfside, 366 F.3d 1214, 1227 (11th cir. 2004)), Abrogated on other grounds by Sossamon v Texas, 563 U.S. ____, 131 S.CT. 1651 (2011).

In the instant, the policy "substantially burdens" my religious beliefs because by sitting in the circle there is a "Spiritual current/ connection that is maintained by all members in the circle. That spiritual current/ connection is established by the smoking of the cigar, invoking one's spiritual protectors. Each participant in the circle must be smoking a cigar to maintain the spiritual current/connection for the message to be relayed to all present, or to a separate person. The Supreme Court has observed that the test for whether a person's religious exercise is substantially burdened is not whenever the time religious beliefs asserted in a RFRA case is reasonable. Hobby Lobby. 573 U.S. at ____, 134 S.CT. at 2778. Instead, they look to whether the [government's rule] imposes a substantial burden on the ability of the objecting part[y] to conduct [himself] in accordance with [his] religious beliefs. Id. (emphasis added); See also, Yellowbear, 741 F.3d at 55 ("noting that a burden is substantial when it prevents the plaintiff from participating in an activity motivated by a sincerely held religious beliefs").


RELIEF SOUGHT: Re-instate the Spiritual Mass practice without "Substantially Burdening" my religious beliefs. All other relief requested in my BP-9. Without fear of reprisals or retaliation.


--------------------------------                    --------------------------------
Date                                                Signature of Requester

EXHIBITE

EXHIBITE

EXHIBITE

FCI JESUP
WARDEN'S OFFICE

2015 MAY 11  AM 10: 37

JESUS BARRERA-AVILA, 86611-004
JESUP FCI     UNT: C    QTR: C07-705U
2600 HIGHWAY 301 SOUTH
JESUP,  GA 31599

Regional Administrative Remedy Appeal No.:  812279-R1
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted
April 14, 2015.  You are appealing the decision not to accommodate each inmate with a
half cigar to be used in the Santeria religious ritual.  As a result, you claim a substantial
burden to your religious beliefs and violation of your religious rights.  Therefore, you
request each inmate participating in the Santeria religious ritual be accommodated with
a half cigar.

A review of this allegation revealed the only accommodation of tobacco (cigar) as part
of the Santeria Liturgy is for the Prayer ritual (hechar humo); and there is no specific
amount of tobacco (cigar) required to celebrate this Santeria ritual.  Further, the
Santeria community is being accommodated with tobacco (cigar half) for congregational
prayer ritual.

In addition, a review of evidence you presented is neither sufficient to support a
substantial burden of your religious beliefs, nor a violation of your religious rights.

Accordingly, this response to your Regional Administrative Remedy Appeal is for
informational purposes only.  If dissatisfied with this response, you may appeal to the
Office of General Counsel, Bureau of Prisons, and 320 First Street, NW, Washington,
D.C. 20534.  Your appeal must be received in the Office of General Counsel within 30
calendar days of the date of this response.

_____5/1/15_____        _____
Date                                          Regional Director, SERO

Delivered to I/M Barrera-Avila
Wed 5-13-15
Ms. Anderson, CCC

EXHIBIT

F

EXHIBIT

F

EXHIBIT

F

U.S. Department of Justice **Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attach-ments must be submitted with this appeal.

From: BARRERA – AVILA JESUS      86611-004     C–B     FCI – JESUP

      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL** THIS IS MY APPEAL ON THE DENIAL OF MY INFORMAL GRIEVANCE; MY BP-9; AND MY BP-10. HE RESPONSE FROM THE DENIALS (COLLECTIVELY) ARE IN ERROR, AND CONTRARY TO THE LAW. AS A FEDERAL INMATE, I AM ENTITLED TO PRACTICE MY SINCERELY HELD RELIGIOUS BELIEFS. THE BOP REFUS TO STANDARIZE THE PRACTICE FOR THE SANTERIA PRACTITIONERS IN PRISON WHILE ALL OTHER RELIGIONS HAVE A STANDARIZED PRACTICE. THER POLICY IMPLEMENTED IS NOT IN ACCORDANCE TO MY CEREMONIAL PRACTICES AND VIOLATES THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES OF AMERICA; THE RELIGIOUS FREEDOM RESTORATION ACT; AND THE FREE EXERCISE CLAUSE OF THE FIRST AMEDMEMT.
RELIEF SOUGHT: RE-INSTATE THE SPIRITUAL MASS PRACTICE WITHOUT "SUBSTANTIALLY BURDENING" MY RELIGI beliefs. All other relief requested in my BP-9; BP-10, without fear of reprisals or retaliation.

5-19-15

_____                    _____
DATE                                                SIGNATURE OF REQUESTER

**Part B - RESPONSE**

7014 2120 0000 5908 3350

_____                              _____
DATE                                           GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                CASE NUMBER: _____

**Part C - RECEIPT**

                                              CASE NUMBER: _____

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION
SUBJECT: _____

_____                                       _____
DATE                                    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN               PRINTED ON RECYCLED PAPER                                   BP-231(13)

EXHIBIT G

EXHIBIT

G

EXHIBIT

G

RECEIPT - ADMINISTRATIVE REMEDY


DATE: JUNE 24, 2015



FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : JESUS BARRERA-AVILA, 86611-004
      JESUP FCI    UNT: C    QTR: C07-705U



THIS ACKNOWLEDGES THE RECEIPT OF THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW:

REMEDY ID       : 812279-A1
DATE RECEIVED   : MAY 28, 2015
RESPONSE DUE    : JULY 7, 2015
SUBJECT 1       : RELIGIOUS RITUALS
SUBJECT 2       :

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY


DATE: JULY 22, 2015


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : JESUS BARRERA-AVILA, 86611-004
      JESUP FCI     UNT: C     QTR: C07-705U


ADDITIONAL TIME IS NEEDED TO RESPOND TO THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.


REMEDY ID      : 812279-A1
DATE RECEIVED  : MAY 28, 2015
RESPONSE DUE   : JULY 27, 2015
SUBJECT 1      : RELIGIOUS RITUALS
SUBJECT 2      :